# KOOB & MAGOOLAGHAN
*Attorneys at Law*

---

SOUTH STREET SEAPORT    19 FULTON STREET    SUITE 408    NEW YORK, NEW YORK 10038
TELEPHONE: (212) 406-3095                                   FACSIMILE: (212) 349-4658

ELIZABETH L. KOOB                                           WESTCHESTER COUNTY OFFICE:
JOAN MAGOOLAGHAN                                            221 DEVOE AVENUE
ALEXANDER A. REINERT                                        YONKERS, NEW YORK 10705
KATHERINE ROSENFELD                                         TEL: (914) 964-8888

February 2, 2004

Hon. David E. Peebles
U.S. Magistrate Judge
U.S. Courthouse
100 S. Clinton Street
P.O. Box 7345
Syracuse, New York 13261-7345

Re: <u>Jeremie Smith v. Glenn Goord, et al.</u>, 03-CV-0294 DNH/DEP

Your Honor:

Pursuant to N.D.N.Y. Local Rule 7.1(d)(3), the purpose of this letter is to respectfully request that the Court schedule a conference for the purpose of resolving a discovery dispute that has arisen between the parties in this matter.

As the Court is aware, this civil rights action concerns plaintiff Jeremie Smith's allegations that defendants deprived Mr. Smith of liberty without due process of law by sentencing him to 30 months in solitary confinement in the Clinton Correctional Facility Special Housing Unit ("SHU") based on procedurally flawed disciplinary hearings, that defendants were deliberately indifferent to Mr. Smith's serious medical needs and inflicted inhumane conditions of confinement upon Mr. Smith, who suffers from mental illness, while he was incarcerated in SHU and Satellite Mental Health Unit observation cells, all in violation of his constitutional rights. Plaintiff further alleges that defendants discriminated against him in violation of the ADA and the Rehabilitation Act.

The parties' discovery dispute is as follows. In plaintiff's discovery demands served on September 13, 2003, plaintiff demanded personnel files and other records concerning defendants Kulwant Singh, M.D., Michael J. Phillips, Maria Melendez, M.D., Wayne Crosier and Captain John Carey. In defendants' responses, served to plaintiff on December 5, 2003, defendants objected to this demand on the grounds that these records are privileged and confidential pursuant to state and federal common law privilege, Correction Law § 50-a and Public Officers Law § 96. Similarly, defendants objected, on identical grounds, to plaintiff's demand for documents evidencing the performance of these same defendants including but not limited to: (a) training records; (b) evaluations; (c) recommendations for termination or promotion; (d) reports

Hon. David E. Peebles
Page 2
February 2, 2004

---

and records of counseling sessions and corrective interviews; and (e) disciplinary records.

It is plaintiff's position that in the context of a federal civil rights action such as the instant case, defendants' personnel and other related records are highly relevant, discoverable, and not subject to any of the claimed privileges, and that, therefore, the requested records should be immediately produced to plaintiff in their entirety.

Defendants have previously suggested that the parties jointly request that the Court conduct an *in camera* review of the personnel and other demanded records. However, plaintiff believes it is premature to request that the Court conduct an *in camera* review because, as a threshold matter, plaintiff submits that there is insufficient legal basis for defendants' assertion of privilege. No broad privilege for prison employee's personnel records has ever been established under federal common law. See e.g., Jones v. Goord, 2002 WL 1007614 (S.D.N.Y. March 16, 2002). Second, with respect to defendants' objections pursuant to Correction Law § 50-a and Public Officers Law § 96, it is well established that New York state law does not govern discoverability in federal civil rights actions. See King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988); Burka v. New York City Transit Auth., 110 F.R.D. 660, 663-64 (S.D.N.Y. 1986). Instead, questions of privilege in federal civil rights cases are governed by federal law. See King, 121 F.R.D. at 187.

Because federal policy favors disclosure of these records, particularly where, as here, the plaintiff is alleging a violation of his constitutional rights, in order to counter this federal policy favoring disclosure, defendants must make a "substantial threshold showing" that there are "specific harms likely to accrue from disclosure of specific materials." King, 121 F.R.D. at 189 (citation omitted). Only where this threshold is met should the Court then review the documents *in camera,* and decide which, if any, to withhold from disclosure. See id. at 189-90. Plaintiff submits that defendants have failed to make any threshold showing with respect to the specific harms likely to accrue from disclosure.

As previously indicated to defendants, plaintiff is willing to enter into a confidentiality agreement stipulating that these documents should be maintained as confidential, and plaintiff is also willing to consent that the following information may be redacted from the records regarding these defendants: social security number, home address, family identities, and personal health information. In past litigation, personnel records of defendants who were DOCS' employees, and who were also represented by the New York State Attorney General's Office, have been produced to our office, subject to these or similar conditions. This office therefore has a documented history of respecting the confidentiality of such personnel records.

Plaintiff's good faith efforts to confer with defendants in order to resolve the instant dispute and arrive a mutually satisfactory solution, prior to requesting a conference with the Court, were unsuccessful. Specifically, letters sent by plaintiff's counsel on December 11, 2003 and January 21, 2004, and telephone calls placed by plaintiff's counsel during the week of January 12, 2004,

Hon. David E. Peebles
Page 3
February 2, 2004

───────────────

and again on January 30, 2004, have failed to produce any resolution.

The Court's attention to this matter is sincerely appreciated.

Very truly yours,

s/  Katherine Rosenfeld
Katherine Rosenfeld (511795)

cc:

David B. Roberts
Assistant Attorney General
Office of the Attorney General
Litigation Bureau
The Capital
Albany, NY 12224