

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ELIOT SPITZER
Attorney General

STATE COUNSEL DIVISION
LITIGATION BUREAU

Telephone: (518) 408-2516
FAX: (518) 473-1572

March 11, 2004

BY ELECTRONIC FILING

Hon. David E. Peebles
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7345
100 S. Clinton St.
Syracuse, NY 13261-7345

Re:   Jeremie Smith v. Glenn S. Goord, et al, 03-CV-0294 DNH DEP

Dear Judge Peebles:

    This letter is submitted in response to the letter of Katherine Rosenfeld, dated February 4, 2004, in which she takes issue with an objection that has bee raised with respect to plaintiff's request for discovery of the personnel files of several of the defendants in this action. The individuals whose files are the subject pf this demand are a Deputy Superintendent for Security, an attorney who was once employed as a Hearing Officer at Clinton Correctional Facility, two OMH psychiatrists and the OMH Satellite Unit Chief at Clinton. The defendants have objected to this discovery as an unwarranted intrusion into the privacy of these individuals, seeking records that are only marginally relevant, if at all, to the plaintiff's claims, and which contain material that is without question highly personal in nature, such as the defendants social security numbers, medical and insurance information, family and home address information, etc. Recognizing this, plaintiff's counsel has indicated a willingness to receive the records with such information redacted.

    The defendants respectfully submit that the requested records should be turned over, only to the extent that they contain any material that the court finds would be relevant to the litigation, after they have been subjected to *in camera* review. This is the procedure that is mandated under Civil Right Law § 50-a and Public Officer's Law § 96, which was recently employed by Magistrate Judge Treece in an action similar to this one, entitled *R.T. v. Rudolph*

*Gross, et al,* 02-CV-159. Copies of the Orders issued by Judge Treece in the *R.T.* Litigation, dated October 21 and October 22, 2003, are enclosed with this letter.

While Ms. Rosenfeld is correct in her contention that State laws regarding privilege are not binding on the federal courts, the Court should not ignore state privacy rules as they illustrate important privacy interests, and "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Lora v. Board of Education*, 74 F.R.D. 565, 576 (E.D.N.Y.1977) (quoting *United States v. King*, 73 F.R.D. 103, 105 (E.D.N.Y.1976)). See also *King v. Conde*, 121 F.R.D. 180 (EDNY 1988); *Skibo v. City of New York*, 109 F.R.D. 58 (E.D.N.Y.1985).

In the event that documents are turned over to plaintiff's counsel - whether or not *in camera* review is conducted - the Court should allow for the redaction of highly personal information contained in the requested files, as the plaintiff's counsel has already agreed; in addition, the Court should not permit plaintiff's counsel to show or share such documents with the plaintiff or any other inmate or former inmate. *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122 (NDNY 1984).

Thank you for your attention to this matter.

Very truly yours,

S/ David Roberts
DAVID B. ROBERTS
Assistant Attorney General
BRN #102455

cc:

Katherine Rosenfeld, Esq.
Koob & Magoolighan
19 Fulton Street, Suite 408
New York, NY 10038

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

R.T.,

                        Plaintiff

    v.                                  Civil No. 02-CV-159
                                                  (TJM/RFT)

RUDOLPH GROSS, et al.,

                        Defendant.

RANDOLPH F. TREECE
United States Magistrate Judge

## ORDER

The Plaintiff made a Demand for the Discovery and Inspection of eight Central New York Psychiatric Center employees' personnel files.[1] The Defendants objected to the discovery of these personnel files raising in support of their objections N.Y. PUB. OFF. L. § 96, which, in essence, states that no agency may disclose any record or personal information unless such disclosure meets one of thirteen exceptions. During a telephone conference held on August 28, 2003, the Court directed the Defendants to produce for an *in camera* inspection these eight personnel files.

These eight personnel files were delivered to Chambers on October 20, 2003. On October 21, 2003, the Court conducted an *in camera* inspection of each of these eight personnel files. After performing such inspections, the Court agrees with the Defendants that each file contains nothing more than sensitive personal information which is not germane to the subject matter of this litigation nor relevant. Moreover, the records contained therein do not fall with any of the exceptions to non-disclosure found in N.Y. PUB. OFF. L. § 96(a)-(n).

Therefore, based upon the foregoing, it is hereby ORDERED that the Plaintiff's Motion to Compel disclosure of these eight personnel files is DENIED. And it is further ORDERED that the Defendants make arrangement to obtain copies of these eight personnel files from Chambers as soon as possible.

SO ORDERED.

Albany, New York
October 21, 2003

                                                          RANDOLPH F. TREECE
                                                          United States Magistrate Judge

---

[1] The eight employees are Charles Bucema, Harold Smith, Harold Keith Ford, Kulwat Singh, Mara Melendez, Lisa Mockus, Rudolph Gross, and Wayne Crosier.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

R.T.,

                        Plaintiff

v.

RUDOLPH GROSS, et al.,

                        Defendant.

Civil No. 02-CV-159
(TJM/RFT)

RANDOLPH F. TREECE
United States Magistrate Judge

### ORDER

During a telephone conference held on October 22, 3003, several outstanding discovery issues were discussed. The Court rendered a ruling on each of them

In reference to the Plaintiff's motion for the Court to reconsider its October 21, 2003, wherein it was ruled, after an *in camera* review, that certain personnel files would not be disclosed, such request is DENIED. With regard to providing a response to whether employees Mockus, Melendez, Ford, and Singh or any other employees were terminated for poor performance is DENIED in that the Court in conducting an *in camera* review of these employees files determined that there is no relevant evidence or any that is calculated to lead to admissible evidence within these files.

The State Defendants are Ordered to provide the Plaintiff the following: (1) the names of all OMH employees who were responsible for SHU rounds at Clinton Correctional Facility from March 2000 to March 2001; (2) the name of Keith Ford's clinical supervisor(s) from January 2000 to March 2001; and (3) the date of hire of Dr. Kulwant Singh. The Defendants shall provide this information in writing to the Plaintiff on or before November 3, 2003.

The State Defendants shall provide to this Court for an *in camera* review the personnel files of the social worker who was terminated at the end of his/her probation during the year 2001. The files shall include all documents concerning the termination, poor work performance, and any written counseling memorandum. These records do not need to be produced if the social worker in question was hired after March 30, 2001. In that event, the State Defendants are required to provide written verification of this fact to both Plaintiff and the Court.

SO ORDERED.

Albany, New York
October 22, 2003

RANDOLPH F. TREECE
United States Magistrate Judge