# KOOB & MAGOOLAGHAN
*Attorneys at Law*

SOUTH STREET SEAPORT    19 FULTON STREET    SUITE 408    NEW YORK, NEW YORK 10038
TELEPHONE: (212) 406-3095                                    FACSIMILE: (212) 349-4658

ELIZABETH L. KOOB                                WESTCHESTER COUNTY OFFICE:
JOAN MAGOOLAGHAN                                221 DEVOE AVENUE
ALEXANDER A. REINERT                            YONKERS, NEW YORK 10705
KATHERINE ROSENFELD                             TEL: (914) 964-8888

March 16, 2004

Hon. David E. Peebles
U.S. Magistrate Judge
100 S. Clinton Street
P.O. Box 7345
Syracuse, New York 13261-7345

Re: Jeremie Smith v. Glenn Goord, et al., 03-CV-0294 DNH/DEP

Your Honor:

Plaintiff submits this letter in further support of plaintiff's request that the Court order defendants to disclose documents requested in plaintiff's First Discovery Demands, namely, personnel records related to defendants Melendez, Singh, Carey, Crosier and Phillips (Document Request No. 1) and documents evidencing the performance of these defendants including but not limited to: (a) training records; (b) evaluations; (c) recommendations for termination or promotion; (d) reports and records of counseling sessions and corrective interviews; and (e) disciplinary records. (Document Request No. 2.)

In a letter to the Court dated March 11, 2004, defendants oppose disclosure on three grounds: (1) it would invade the privacy of the defendants; (2) the records contain personal information; and (3) the records are "marginally relevant." Because plaintiff has agreed to accept disclosure subject to a protective order, and with redaction of personal information, the first two concerns appear to be moot and/or an insufficient legal basis on which to withhold disclosure.

With respect to the third ground for opposing disclosure, relevance, it is well established that, although not unlimited, relevance for the purposes of discovery is "an extremely broad concept." Melendez v. Greiner, 2003 WL 22434101 at * 1 (S.D.N.Y. Oct. 23, 2003) (citation omitted). The requested documents are particularly relevant to plaintiff's claims that defendants failed to provide qualified and trained mental health providers at Clinton Correctional Facility, and that defendants Melendez and Singh failed to provide constitutionally adequate mental health care to plaintiff. For example, according to publicly available information from the New York State Department of Health, defendant Melendez's medical license was suspended in the State of Vermont in 1996. Defendants' knowledge of, and response to, Melendez's history is relevant.

Hon. David E. Peebles
Page 2
March 16, 2004

---

Indeed, in a 42 U.S.C. § 1983 action, prior inmate complaints, grievances, disciplinary action and/or court actions brought against the individual defendants, details of which may be contained in the documents demanded by plaintiff, "may well yield information relevant to the [plaintiff's] claims and such documents are therefore discoverable." Melendez, at * 4; Ismael v. Cohen, 899 F.2d 183, 188 (2d Cir. 1990) (discovery of prior complaints and disciplinary actions against defendants was relevant).

With respect to the relevance of the hearing officer defendants' records, information about the quality of their institutional performance is relevant in light of plaintiff's claims that his due process rights were violated as a result of these defendants' improper conduct of two disciplinary hearings. All records regarding training, evaluations or past corrective interviews are relevant to this allegation. Plaintiff's need for the hearing officers' records is particularly strong because defendants previously objected to plaintiff's Document Demand No. 10, which sought information concerning the reversal rate of any disciplinary hearings conducted by these two defendants. Without information concerning the reversal rate, or the requested personnel and evaluative records, plaintiff is left with a dearth of information about these two defendants' past job performance and training history. Finally, all defendants have asserted qualified immunity defenses. Plaintiff submits that the requested records are relevant to this defense (i.e. whether defendants knew or should have known that their conduct violated clearly established law).

Although defendants agree that the state law privileges invoked are not binding in federal civil rights action, they urge the Court to recognize a privilege under Civil Rights Law § 50-a as a matter of comity.[1] However, it is well established that state law privileges should only be recognized "where there is no substantial cost to federal substantive and procedural policies." Melendez, at * 5. Here, application of this privilege could work to protect state officials against the enforcement of federal rights. In any event, if the documents were privileged under Civil Rights Law § 50-a, discovery would still be permitted if the documents were "relevant and material."

Defendants have also failed to satisfy the threshold showing required to justify an in camera review. Defendants did not submit to the Court a declaration or affidavit by a responsible official, who is neither defendant nor an attorney for defendant, after independent review of the specific documents at issue, showing that "specific harms are likely to accrue from disclosure of specific materials." King v. Conde, 121 F.R.D. 180, 189 (E.D.N.Y. 1988); Unger v. Cohen, 125

---

[1]Plaintiff submits that Public Officers Law § 96 is not an independent substantive legal basis on which to withhold disclosure, because while the statute sets forth a general presumption to protect the privacy of certain records ("[n]o agency may disclose any record or personal information"), there is a clear exception permitting disclosure "to any person pursuant to a court ordered subpoena or other compulsory legal process."

Hon. David E. Peebles
Page 3
March 16, 2004

---

F.R.D. 67, 70 (S.D.N.Y. 1989); Askew v. Rigler, 130 F.R.D. 26 (S.D.N.Y. 1990) (New York statute requiring court to conduct in camera review of police personnel records before plaintiff can have access to them was inapplicable to discovery dispute in civil rights action). The Court should not deprive Mr. Smith of meaningful discovery when defendants have not shown that any harm will result from protected disclosure of relevant information. Cf. Jones v. Goord, 2002 WL 1007614 (S.D.N.Y. May 16, 2002) (the State's submission includes detailed affidavits from officials familiar with and responsible for the construction and use of the databases requested by plaintiff in at-issue discovery demand).

Defendants also suggest that this Court should conduct an in camera review because Magistrate Judge Treece conducted such a review of defendants' personnel records in R.T. v. Gross, 02-CV-159. There is no information before the Court, however, regarding whether any, or all, of the factors which support disclosure in this case (such as plaintiff's willingness to enter into a protective order, defendants' lack of a showing of "specific harms," and the relevance of the requested records to allegations in Mr. Smith's complaint regarding inadequate hiring, training and supervision of mental health and hearing officer staff at Clinton) existed in R.T. v. Gross. Therefore, plaintiff respectfully submits that Judge Treece's ruling should be distinguished from this case.

In general, limitations on discovery are imposed only where the requested discovery is sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege. See In re Six Grand Jury Witnesses, 979 F.2d 939, 943 (2d Cir. 1992). In this case, no binding privileges support non-disclosure, and the requested documents are relevant and/or reasonably calculated to lead to the discovery of admissible evidence. Defendants have not shown that their generalized concerns regarding confidentiality override Mr. Smith's right to discover relevant information necessary for the preparation of his case. Therefore, plaintiff requests that the Court order that the requested documents be disclosed forthwith, subject to a protective order if necessary.

Very truly yours,

s/ Katherine Rosenfeld
Katherine Rosenfeld (511795)

cc:
David B. Roberts
Office of the Attorney General
The Capital
Albany, NY 12224